# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD L. SIMON | : | CIVIL ACTION |
| v. | : | NO. 09-5523 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security | : | |

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                                OCTOBER 28, 2010

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 7) and defendant's response (Doc. No. 8), the court makes the following findings and conclusions:

      1. On January 28, 2008, Todd L. Simon ("Simon") filed applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of August 23, 2003. (Tr. 99-107). Throughout the administrative process, including an administrative hearing held on March 3, 2009 before an ALJ, Simon's claims were denied. (Tr. 10-19; 20-53; 58-66). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Simon filed his complaint in this court on December 2, 2009. (Tr. 1-4; Doc. No. 3).

      2. In his April 1, 2009 decision, the ALJ concluded, *inter alia*, that: (1) Simon had a severe knee impairment and non-severe depression; (2) his impairments did not meet or equal a listing; (3) he had the RFC to perform sedentary work with various environmental and postural limits, a sit/stand option, and limited lifting/carrying and walking/standing; (4) he could perform work existing in significant numbers in the national economy; and (5) Simon was not disabled. (Tr. 11 ¶ 1; 13 Findings 3 & 4; 14 Findings 5 & 6; 18 ¶ 11; 19 Finding 12; 19 ¶¶ 2-3 ).[1]

      3. This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Simon raises several arguments in which he alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A. First, Simon contends that the ALJ erred by failing to find his depression to be severe. In support of his argument, Simon cites, *inter alia*: (1) his own testimony concerning depression, hallucinations, and memory loss; (2) a September 22, 2008 bio-psychosocial evaluation and intake form from the Wedge Medical Center; and (3) a two page check box form[2] regarding mental abilities from Dr. Jiwesh Jha wherein the doctor checked "marked" limitations in every category. (Tr. 34-35; 40; 478-80; 494-506; 507-08). In his decision, the ALJ explicitly reviewed this evidence and concluded that Simon's depression was not severe because: (1) there was no evidence of treatment until September 22, 2008 (five years after his onset date); (2) the record showed no emergency room visits or in-patient hospitalizations; (3) although Simon claimed that he attends psychotherapy session three times a week and psychologist meetings twice monthly, there were no supportive progress notes in the record; and (4) Dr. Jha's report, *inter alia*, lacked any facts, examples, medical observations, or documentation supporting Simon's alleged marked restrictions. (Tr. 13 ¶¶ 3-4). The ALJ also concluded that, in light of the dearth of supporting evidence, Simon had failed to show that his depression had or would be expected to last for a continuous period of twelve or more months. 20 C.F.R. §§ 404.1509; 416.909; (Tr. 14 ¶ 1). After reviewing the sparse evidence regarding Simon's depression, I find that a reasonable mind could accept this evidence as adequate to support the ALJ's severity determination.[3] Therefore, the conclusion of the ALJ is supported by substantial evidence. Richardson, 402 U.S. at 401.

    B. Second, Simon contends that the ALJ erroneously discounted the credibility of his testimony. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). In making his credibility determination, the ALJ weighed Simon's testimony against, *inter alia*: (1) the lack of medical records before February, 2006; (2) his essentially routine, conservative and non-

---

[2] Such forms, of course, "are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993).

[3] Likewise, given the lack of evidence contrary to the ALJ's position, I conclude that the ALJ did not err by omitting mental limitations from his RFC determination and hypothetical question. See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (holding that an ALJ must only include in his or her hypothetical to the vocational expert ("VE") medically established limitations).

aggressive treatment regime; (3) the lack of hospitalizations or non-routine office visits; (4) the lack of neurological deficits, diminished range of motion, muscle weakness, or reflex abnormalities; and (5) the lack of any medical records suggesting a significantly diminished ability to maintain attention. (Tr. 15 ¶ 2 - 17 ¶ 1; e.g. 207; 230; 356-57; 405; 455-60; 464-69; 472; 481; 488). The ALJ concluded that while Simon had a severe knee impairment that required continuing care and caused him significant pain, the evidence simply did not support the full degree of pain alleged by him. (Tr. 15 ¶ 2; 17 ¶ 1). The ALJ did not ignore or totally disregard Simon's testimony but instead recognized the severity of his condition by assigning him a limited sedentary RFC. (Tr. 13 ¶ 1; 14 Finding 6). After reviewing the evidence, I find that a reasonable mind could conclude that there was sufficient evidence in the record supporting the ALJ's credibility determination. Therefore, the ALJ's conclusion is supported by substantial evidence and Simon's contrary contention must fail.

       C. Finally, Simon's argument that the ALJ should have obtained medical expert ("ME") testimony regarding whether his impairments met or equaled listing 1.02 (Major Joint Dysfunction) is meritless. At the third step of the sequential analysis, an ALJ is only obligated to obtain ME testimony when the record is inconclusive as to whether the claimant's impairments are equal to a listing. Diehl v. Barnhart, 357 F. Supp.2d 804, 815 (E.D. Pa. 2005); S.S.R. 96-6p. In this case, the medical evidence simply does not support a finding that Simon's knee impairment met or equaled listing 1.02. (Tr. 14 ¶ 2). Because no reasonable question on this matter existed for an ME to address, the ALJ was under no obligation to consult such an expert.[4]

       5. After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Simon was not disabled was legally sufficient and supported by substantial evidence. As a result, Simon's request for relief must be denied and the decision must be affirmed.

       An appropriate Order follows.

---

[4] Regarding the fifth step of the sequential analysis, Simon also attempts to artificially create an unexplained discrepancy between the testimony of the VE and the Dictionary of Occupational Titles ("DOT") where no real discrepancy exists. After reviewing the testimony, the DOT, and the pertinent appendices and regulations, I find this argument to be wholly unpersuasive.